## Case No. 16,249a.

### UNITED STATES ex rel. JONES v. SELDON.

[2 Hayw. & H. 332.] [1]

Circuit Court, District of Columbia.　Oct. Term, 1859.

#### MANDAMUS TO MARSHAL—WITNESS FEES.

A writ of mandamus will be refused to command the marshal of the District of Columbia to pay the petitioner, an attorney of this court, witness fees. Especially will it be the case when the judge of the criminal court decides the petitioner is not entitled to the same.

[This was a petition by Charles L. Jones for a writ of mandamus to be directed to William Seldon, marshal of the District of Columbia.]

Petitioner in person.

Respondent in person.

The petition in substance says: That he was duly summoned as a witness for the United States in the criminal court of the District of Columbia. That he attended as such witness for nine days. That he exhibited to the marshal of the District of Columbia a certificate of the clerk of the said court proving such attendance. That the said marshal has received from the treasury of the United States a sum of money for the payment of the fees allowed to witnesses and persons attending the said term of said court, and has money in his hands applicable to the payment of his demands, but he, the marshal, says that he is advised that your petitioner is not entitled to receive the fees because he was, during the time of his attendance, a member of the bar of said court, and for this reason alone refuses to pay said fees. Wherefore, and for as much as the said marshal is a mere ministerial officer, and the duty of paying is purely a ministerial act, and as your petitioner has no other remedy, prays the court to grant the United States writ of mandamus, &c., commanding him to pay to him according to law the full amount of his demand, &c.

The answer of the respondent: That he is the marshal, and that proper and sufficient funds have been placed in his hands to defray the necessary and proper expenses of criminal justice here. He admits that the petitioner attended as a witness in the trial of Daniel E. Sickles. He refused to make payment, not upon his own judgment, but upon that of the Hon. W. Hartley Crawford, sole judge of the criminal court in which the witness attended. Whether the opinion of the learned judge against the legality of the petitioner's demand was founded wholly or in part upon the law of congress of 1856 (11 Stat. 50) this respondent cannot say; but believes, and therefore states, that his honor drew a distinction between attorneys who had become nominal practitioners and seldom in court and lawyers like the petitioner, who regularly attend the bar; deeming it proper

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

to allow witness fees to the former, on the ground that they were taken from their pursuits, and ought to be paid for the value of their time; but to refuse fees to the latter, who would be in court whether brought there by summons or not. The learned judge placed the regular attendant at the bar upon the footing of public officers, who were, he stated, no better entitled to witness fees than the clerk, the marshal or the bailiffs. none of whom could receive such fees.

Whether the distinction taken by the learned judge be correct or not, it was not the province of this respondent to doubt, since he is himself but a ministerial servant of the court and in duty bound to respect the judges. In cases like the present there is an obvious necessity to conform to the construction which the judge places upon the disbursement of public money in the marshal's hands; for the judge under the laws is required to examine each item of account which the marshal renders and without the approval of his honor, the accounting officers of the treasury will allow the marshal no credit whatever. Now .the petitioner is a gentleman of learning and liberality. and cannot expect the marshal to make payment and present vouchers for which he can obtain no credit at the treasury, and therefore without the intervention of a superior power, policy and duty require this respondent to acquiesce in the declared judgment of the learned judge. Having made answer, the respondent submits the matter to the honorable judges, and will respect any decision which they shall think proper to render.

Motion for mandamus refused.